UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHANE PATTON,

Plaintiff,

v.                                                  CAUSE NO. 3:23-CV-505-SJF

CAPTAIN ARMSTRONG,

Defendant.

OPINION AND ORDER

Shane Patton, a prisoner without a lawyer, is proceeding in this case "against

Captain Armstrong in his individual capacity for compensatory and punitive damages

for failing to protect him from an attack by his cellmate that occurred on or around

December 10, 2021, after being aware that Patton's cellmate posed a substantial risk of

harm to him after a prior attack on [December 3, 2021,] in violation of the Eighth

Amendment[.]" ECF 33 at 3. Captain Armstrong filed a motion for summary judgment.

ECF 55. Patton filed a response, and Captain Armstrong filed a reply. ECF 64, ECF 65.

The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law." Federal

Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable

to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. For Patton to succeed on a claim for failure to protect, he must show "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks omitted). In the context of failure to protect cases, the Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of *impending* harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (emphasis added).

Captain Armstrong argues summary judgment is warranted in his favor because he did not have actual knowledge of an impending harm to Patton on December 10 just

because Patton told him about the December 3 assault. ECF 56 at 7-10. Captain Armstrong relies mostly on Patton's deposition testimony, where Patton testified to the following facts:

In 2020, Patton was placed in the protective custody unit at Westville Correctional Facility ("WCF") because he was having trouble with other inmates due to the nature of his conviction. ECF 56-1 at 36-38. Around December 2021, a new inmate named Javon Crockett-Berry arrived in the protective custody unit and began telling Patton and other inmates they needed to pay him "rent" and give him commissary items. *Id.* at 16. Patton refused to give Crockett-Berry anything. *Id.* On December 3, 2021, Patton was in the restroom when Crockett-Berry came in behind him, demanded money, and choked him and slammed him on the ground when he refused. *Id.* at 17. Patton discussed the incident with Sergeant Garcia and Sergeant Stepp and asked if he could be moved, but they told him there was nowhere for him to go because he was already in protective custody. *Id.* at 22. The next day, Patton spoke with Captain Armstrong about the incident while Captain Armstrong was walking through the dorm. *Id.* at 23. Patton told Captain Armstrong he'd been assaulted by Crockett-Berry, but Captain Armstrong just "shrugged it off and left." *Id.* Patton "assumed" Captain Armstrong was going to move Crockett-Berry because Captain Armstrong was "usually very good at helping people," but in this instance "nothing ever happened." *Id.* Patton believed Captain Armstrong neglected to take any action because he "may have been busy or something like that." *Id.* There's no evidence Captain Armstrong had any further interactions with Patton after December 4. On December 10, 2021, Crockett-

Berry again came up to Patton in the bathroom and tried to choke him, causing Patton to run out of the bathroom. *Id.* at 20. There's no evidence Patton ever told Captain Armstrong about this incident. A few weeks later, Patton was transferred from WCF to New Castle Correctional Facility. *Id.* at 31. Because neither party disputes these facts, the court accepts them as undisputed.

Here, Patton is proceeding against Captain Armstrong for failing to protect him from Crockett-Berry's December 10 assault. To survive summary judgment, Patton needed to provide evidence that, at the time of the December 10 assault, (1) he was incarcerated under conditions posing a "substantial risk" of serious harm such that the risk "was almost certain to materialize if nothing is done," and (2) Captain Armstrong had "actual knowledge" of that impending serious harm. *See Pope*, 86 F.3d at 92. The record contains no such evidence. Specifically, while it's undisputed Patton told Captain Armstrong he was assaulted by Crockett-Berry on December 3, Patton doesn't argue or provide any evidence he informed Captain Armstrong that Crockett-Berry continued to pose an ongoing threat of future harm. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (defendants' knowledge that the plaintiff "had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life," did not give the defendants actual knowledge of a "specific threat" to the plaintiff's safety because "[h]e did not tell them that he had actually been threatened with *future* violence") (emphasis added). Rather, Patton testified only that he and Captain Armstrong "spoke about" the December 3 assault while Captain Armstrong was walking through the dorm, and Patton does not provide any further

4

information about this conversation. There's no evidence Captain Armstrong was ever informed that Crockett-Berry had threatened to continue attacking Patton in the future. Moreover, it's undisputed Patton was already in the protective custody unit at the time of the December 3 incident, and Patton does not allege or provide any evidence he asked Captain Armstrong for any sort of protection or resolution.

Patton's summary judgment response asserts only that he told Captain Armstrong about the December 3 incident and that a captain "would surely know" he faced further danger (ECF 64 at 5), but this speculative assertion is insufficient to show Captain Armstrong had actual knowledge of a specific threat to Patton's safety. *See Trade Fin. Partners*, 573 F.3d at 407 ("[I]nferences relying on mere speculation or conjecture will not suffice" to survive summary judgment); *Gabrielle M. v. Park Forest-Chicago Heights, IL. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("It is well established that in order to withstand summary judgment, the non-movant must allege specific facts creating a genuine issue for trial and may not rely on vague, conclusory allegations"); *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021) ("speculation may not be used to manufacture a genuine issue of fact."). Patton does not designate or provide any evidence in support of his summary judgment response, and his speculative assertion that Captain Armstrong "would surely know" he faced a future risk of harm is insufficient to show he informed Captain Armstrong about a "specific threat" to his safety. *See Pope*, 86 F.3d at 92; *Klebanowski*, 540 F.3d at 639-40.

Therefore, because Patton provides evidence only that he alerted Captain Armstrong of past harm, and provides no evidence Captain Armstrong had actual

knowledge of a specific threat of impending harm, summary judgment is warranted in favor of Captain Armstrong on this claim.

Lastly, Patton filed a motion for appointment of counsel. ECF 69. But there is a fully briefed summary judgment motion before the court, and appointing counsel now would not alter the outcome of this case. The summary judgment will be granted – whether Patton has counsel or not. Therefore, the motion for counsel (ECF 69) will be denied.

For these reasons, the court:

(1) DENIES Patton's motion for appointment of counsel (ECF 69);

(2) GRANTS Captain Armstrong's motion for summary judgment (ECF 55); and

(3) DIRECTS the clerk to enter judgment in favor of Captain Armstrong and against Shane Patton and to close this case.

SO ORDERED on August 4, 2025.

 s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge